700 N.W.2d 363 (2005)
473 Mich. 851
CITY OF DETROIT, City of Huntington Woods, Inter-County Citizens Achieving Regional Excellence, Green Acres-Woodward Civic Association, Palmer Woods Association, University District Community Association, Sherwood Forest Association, Suzanne Antisdel, Arthur Antisdel, Charles Barr, Carolyn Barr, Martin Baum, Marcia Baum, Willie Bell, Carol Bell, Eddy S. Bullock, Jr., Anna Bullock, Curtis Dickerson, Maria Dickerson, Michael Einheuser, Diane L. Willard, Marie Glaza, Nancy Goedert, Robert Handley, Marie Handley, Dawn Hesse, Donen Hesse, Melvin J. Hollowell, M.D., Sylvia Hollowell, Khalid Kassab, Clair Kassab, Reverend Michael Kirila, Lauretta E. Laframboise, David Marquardt, Margaret R. Marquardt, Dale Morgan, Thomas J. Rafels, Herbert Schneider, Kathryn Schneider, Gary Scott, Laura Scott, Normal Silk, Charles A. Vasser, David Welsch, Theresa Welsch, and Machpelah Cemetery Association, Plaintiffs-Appellants, and
City of Ferndale and City of Pleasant Ridge, Plaintiffs-Not-Participating,
v.
STATE of Michigan, Defendant-Appellee, and
State Fair Development Group, L.L.C., Defendant-Not-Participating.
Docket No. 126711. COA No. 240174.
Supreme Court of Michigan.
July 8, 2005.
On order of the Court, the application for leave to appeal the June 22, 2004 judgment of the Court of Appeals is considered, and it is DENIED, because we are *364 not persuaded that the question presented should be reviewed by this Court.
YOUNG, J., concurs and states as follows:
I concur in the order denying leave to appeal. I note that when Burt Twp. v. Dep't of Natural Resources[1] was decided by this Court, the Attorney General did not brief or argue the issue of state sovereignty as a basis of reversal. I believe that the question whether state sovereignty ought to play a part in the Dearden[2] analysis is a jurisprudentially significant issue and merits serious consideration by this Court. However, this case does not present a good vehicle for addressing the issue of state sovereignty as it applies to Dearden. The clear language of M.C.L. § 285.165 indicates that control of the state fairgrounds is vested solely in the State Exposition and Fairgrounds Authority. I would welcome another case where this issue is better presented.
NOTES
[1] 459 Mich. 659, 593 N.W.2d 534 (1999).
[2] Dearden v. Detroit, 403 Mich. 257, 269 N.W.2d 139 (1978). As this Court noted in Burt Twp., the Dearden test has proven "difficult to apply." 459 Mich. at 664 n. 3, 593 N.W.2d 534.